## PATTON et al. v. GLATZ.

(Circuit Court, E. D. New York. June 15, 1893.)

1. EQUITY JURISDICTION—REMEDY AT LAW—RESCISSION OF CONTRACTS.

A bill which seeks to set aside a contract alleged to have been procured by fraud, and also prays an injunction to prevent defendant from deriving benefit from the contract pending the determination of the question of fraud, cannot be dismissed on the ground that plaintiff has an adequate remedy at law.

2. RESCISSION OF CONTRACTS—FRAUDULENT REPRESENTATIONS—PLEADING.

Plaintiff and defendant made a contract of partnership in the royalties to be derived from a patent owned by plaintiff and patents and processes claimed to be owned by defendant, the theory being that the inventions owned by both would substantially control the whole art to which they related. Plaintiff subsequently sued to annul the contract on the ground that the following representations inducing the contract were false, namely, that defendant "was in possession and control of a large number of patents" controlling processes in the art specified, and was receiving large sums in royalties. *Held,* that the bill could not be held indefinite in that it did not designate the patents which defendant falsely claimed to own, for it does not appear that defendant, in his representations, specified any particular patents.

3. EQUITY PLEADING—MULTIFARIOUSNESS.

The bill was not multifarious in that it sought to annul the contract for fraud, and also to collect royalties alleged to have been received by defendant before the date of the contract under a verbal understanding then existing.

In Equity. Bill by John Patton and Edward E. Quimby against Joseph Glatz to set aside a contract. On demurrer to the bill. Demurrer sustained, with leave to amend.

Price & Steuart, for complainants.
Briesen & Knauth, for defendant.

BENEDICT, District Judge. This case comes before the court on a demurrer to the bill, which is a bill to annul and set aside a certain contract entered into between the plaintiffs and the defendant on the 20th of February, 1890, upon the ground of fraud. The jurisdiction of the court depends upon the citizenship of the parties and the amount in controversy.

The first ground of demurrer is that the bill fails to show that the matter in dispute or claim of interest exceeds the sum of $2,000. The bill is clearly defective in this particular, but the error may be corrected by an amendment, which will be allowed.

It is next insisted that the complainants have an adequate remedy at law, and therefore this court, as a court of equity, is without jurisdiction. This objection seems untenable. The remedy afforded by a court of equity by setting aside a contract procured by fraud is a more extensive and more adequate remedy than can be secured by an action at law. Moreover, the bill prays an injunction to prevent the defendant from deriving benefit from the contract pending the determination by the court of the question of fraud, and for a discovery.

The next ground of objection to the bill is that the allegation of fraud is indefinite and indistinct, and should be made more definite before the defendant can be called upon to answer. The contract sought to be set aside was, in substance, a contract of partnership in the royalties and moneys that might be received from a patent owned by the plaintiffs, and by patents and processes represented to be owned by the defendant; the theory of the contract being that the inventions and patents of the plaintiffs, when added to the patents and inventions owned by the defendant, would substantially control the entire art or process of concentrating soap lye in the manufacture of glycerine. The allegation of the bill is that this contract was obtained by means of false representations fraudulently made by the defendant. These representations are set forth as follows: "That the said Glatz was in possession and control of a large number of patent inventions covering and controlling processes for the concentration of soap lye in the manufacture of crude glycerine, and had licensed a number of persons who were engaged in the business of manufacturing glycerine, and was receiving from said parties large sums and royalties for said licenses, and had to pay large sums to patentees for the use of their process," when in truth and in fact he neither owned nor controlled any patents or processes such as described.

The contention of the defendant is that the bill should designate the patents which the defendant claimed to, but did not, own. I do not think the bill defective in this particular, for the reason that it nowhere appears that any particular patents were designated by the defendant. The representation made by the defendant, as charged, is simply that he owned and controlled patents in regard

to this subject-matter; that he had licensed a number of persons who were engaged in the business of manufacturing glycerine, and was receiving from them large sums in royalties, and that he had to pay large sums to patentees for the use of their processes. For aught that appears, no names were given by him, nor were any particulars stated other than were stated in the bill. According to the allegations of the bill, no such patents as he represented were owned or controlled by the defendant. If the representations made by the defendant, and by means of which he procured the contract to be annulled, were as set forth in the bill, it is not seen how the plaintiffs can do more than set forth those representations as made.

As to the point taken that the bill is multifarious because it seeks not only to have the contract of February 20, 1890, annulled by reason of fraud, but also seeks to collect royalties alleged to have been received by Glatz prior to the date of the contract, such a verbal understanding then existing, I see no objection to allowing the bill to stand as it is in this particular.

Judgment must be for the defendant upon the demurrer, with liberty to amend by showing that the matter in dispute, exclusive of interest and costs, exceeds in value the sum of $2,000.